Opinion of the Court, by
Judge Owsley.
TO stay proceedings under a judgment which Davis had recovered in an action of ejectment, Young, who was possessed of the land, exhibited his bill in equity, in the Montgomery circuit court, and obtained an injunction.
The injunction was awarded at the September term, 1821, and at a special chancery term, held in September, 1822. an order was made discharging the injunction; and on the same day, and without any application having been made to the court, Davis caused to be issued from the clerk’s office, a writ of habere facias pos-sessionem upon his judgment, and the same having come to the hands of the sheriff, was executed by expelling Young from the land, and delivering the possession thereof to Davis.
After this, Davis applied to one of the' Judges of this court, and before the expiration, of the chancery term at which the injunction was discharged, obtained his order reinstating the injunction.
in this state of things, Young applied to the court at its March term, 1823, for a writ of restitution, to he *153 restored to the possession of (he land; hut his application was overruled and the writ refused.
(1) Execntion may is. ^enTat^law" enjoined in ’ iPm^dis-charged or court,
(®) Order of thisoourt reinstating an injunction, f^back,^ and render an execution is. ini Gr-regular.’
an injunction a judgment *n ejectment, of anp¡al0UoC thir, 'court, does not imperiously require of the court belowlo award a writ .... of restitution to ,1*;® TispossessoT1 in the mean time.
*153 Whether or not the court was correct in refusing to award the writes the sole question tobe decided in the present controversy.
(1) It is perfectly clear, that in obtaining the possession of the laud, Davis acted in strict conformity to legal principles, and notin any manner repugnant to the orders of the court of equity. After an injunction liad been obtained, he delayed proceeding under his ment, until the injunction was dissolved, and then, as he had a right to do, he immediately caused a writ of ha-here. facias possessionem to issue, and through the aid of ihe sheriff, to whom it was directed, obtained the possession of the laud adjudged to him on the trial of the ejectment. lie, did not, it is true, delay until leave was obtained from the court to site out the writ of possession, nor do wc suppose it was necessary that he should have done so. If he had been about to cause an execution to issue upon the order or decree of the court of chancery before the term had elapsed', it would, no doubt, have been necessary to have obtained the permission of the court. But it was not upon any order or decree of the court, that his writ of, execution issued, lie had previously recovered a judgment at law, aud having been enjoined by the, order o£the,qourtof chan-eery, from proceeding upon his judgment, he was unquestionably entitled to sue out a writ of possession up-mi that judgment, immediately after the injunction was discharged, without further application to the court for .hat purpose. ’
(2) But nfier the possession was delivered by the sheriff, under the writ of habere facias possessionem, and •luring the same term, tlie injunction appevrs to have been reinstated by an order of'one of the Judges of iffis court, and hence it is contended, that by relation, the order reinstating the injunction must lie understood to have vitiated the proceedings had under the judg-mont at law, after the injunction had been discharged by the court of equity. It should, however, be Juried, that the order reinstating the injunction was an act of the Judge in the capacity of chancellor, and, of -course, cannot have the effect of rendering the. proceedings at law irregular, by relation. ‘
(4) Where it the^ompl’t*” had obtained possession by the tenant'against whom theejectment brou ht^and obtaíned'the reinstatement of the injunction by procuring an incorrect transcript, properly re-3 fesefi.
Bibb, for appellant; TripleitSs Wickliffe, for appellee.-
(3) The ¡proceedings which were had by Davis tort derhis judgment at law, being, therefore, in conformity to the rules of law, the order of the Judge, subsequently made, reinstating the injunction, cannot have imperatively required of the court below, to award restitution to Young.
(4) If entitled to any consideration, that order, at most, could only have the effect of imposing upon the court the necessity of looking into the accompanying circumstances,- and either award or withhold the writ of restitution, as might be most consistent with the princi-pies of equity and the justice of the case. And consid-erecj |n point of view, therewill be no difliculty in sustaining the decision of the court below; for it is abundantly proved, -that Young not only obtained the possession of the land by collusion with the person against whom the ejectment was brought by Davis, after that suit was commenced, but, moreover, after the injunction was dissolved by the court of equity, be is Proved to have obtained the order reinstating the injunction, by procuring to be incorporated in the transcript of the record presented to the Judge, title papers which were not in the cause when the injunction was ...... , •’ I dissolved by the court.
Under these circumstances, Young surely has no just claim upon the equity of the court, and, consequently, vvas correctly decided by the court below, not to be entitled to restitution.
The judgment must, therefore, be affirmed with costs.